## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

BEAVERKETTLE FARMS, LTD.,                    CASE NO.: _____

      **Plaintiff,**                             JUDGE _____

**vs.**

CHESAPEAKE APPALACHIA, L.L.C.

      **Defendant.**

### NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B)

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant, Chesapeake Appalachia, L.L.C.[1] ("Chesapeake Appalachia"), hereby removes the state court action, *Beaverkettle Farms, Ltd. v. Chesapeake Appalachia, L.L.C.*, Case No. 2011-CV-00750, from the Columbiana County Court of Common Pleas to the United States District Court for the Northern District of Ohio.  This Notice of Removal has been timely filed in accordance with 28 U.S.C. §§ 1441 and 1446 based on the existence of diversity jurisdiction under 28 U.S.C. § 1332.

### THE STATE COURT ACTION

1.       On October 31, 2011, Plaintiff, Beaverkettle Farms, Ltd. ("Plaintiff"), filed a Complaint in the Court of Common Pleas for Columbiana County, Ohio, captioned *Beaverkettle Farms, Ltd. v. Chesapeake Appalachia, L.L.C.*, Case No. 2011-CV-00750 (the "State Court Action").  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, which constitute all of the process, pleadings, and orders served upon Chesapeake Appalachia in the State Court Action are attached hereto as **Exhibit A**.

---

[1] Incorrectly named in the Complaint as Chesapeake Appalachia, LLC.

2.	Chesapeake Appalachia first received a copy of the Complaint on November 7, 2011, via certified mail.  The Complaint is the initial pleading setting forth the claim for relief upon which the action is based. See 28 U.S.C. § 1446(b).

3.	This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Chesapeake Appalachia's receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Id.

## DIVERSITY JURISDICTION

4.	This Court has subject matter jurisdiction over the Complaint under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.	There is complete diversity of citizenship because the Plaintiff is a citizen of a different state from Chesapeake Appalachia.  As set forth in the Complaint, Plaintiff is a limited liability company organized under the laws of the State of Ohio, with its principal place of business in East Liverpool, Ohio.  Compl. ¶ 1.  According to the Ohio Secretary of State website, and the Articles of Organization available thereon, Plaintiff's members are Jackman S. Vodrey and Robert K. Gardner.  Messrs. Vodrey and Gardner are residents of the State of Ohio.

6.	Moreover, as set forth in the Complaint, Chesapeake Appalachia is a limited liability company organized under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma. Id. ¶ 2.  The sole member of Chesapeake Appalachia is Chesapeake Energy Corporation, an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.  Thus for purposes of diversity, Chesapeake Appalachia is a citizen of the state of Oklahoma.

## THE AMOUNT IN CONTROVERSY

7.        The amount in controversy exceeds $75,000.00.  Plaintiff filed its Complaint seeking a declaratory judgment that the Oil and Gas Lease (the "Lease") held by Chesapeake Appalachia is null and void, or, alternatively, has expired and is no longer of any legal effect. Although the Complaint does not seek any monetary damages, the amount in controversy greatly exceeds $75,000.00 because the value of the leasehold interest and the mineral interests associated with the Lease greatly exceed $75,000.00.  See Affidavit of Tim K. Newville, P.E. ("Newville Affidavit") and Affidavit of Lester Zitkus ("Zitkus Affidavit"), copies of which are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

8.        In cases that seek declaratory or injunctive relief, and not monetary damages, courts in the Sixth Circuit measure the amount in controversy by "the value of the object of the litigation."  Northup Props., Inc. v. Chesapeake Appalachia, L.L.C., 567 F.3d 767, 770 (6th Cir. 2009) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)); see also Freeland v. Liberty Mut. Fire Ins. Co., 632 F.3d 250, 253 (6th Cir. 2011) ("Where a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." (internal citation omitted)).  With respect to cases involving mineral rights leases, the Sixth Circuit stated that it calculates "the amount in controversy by accounting for the mineral interest in the land, and not merely the possessory interest."  Northup, 567 F.3d at 770 n.1.

9.        In Northup, a case that analyzed the removal of a state court declaratory judgment action involving an oil and gas lease, the Sixth Circuit determined that, in cases involving leases of mineral rights, it is appropriate to determine the amount in controversy by examining (a) the lease property's fair market value; (b) both the fair market value and net value of the mineral interest; and (c) the diminished value of the property burdened with an oil-and-gas

lease or (d) the increased value without the lease.  Id. at 770.  In particular, the Sixth Circuit held that Chesapeake Appalachia established that the amount in controversy exceeded $75,000.00 by submitting an affidavit from one of its professional engineers who estimated (1) the "future cash flows" from the well, (2) the discounted present value of the well, (3) the value remaining on the undeveloped acreage of the entire leasehold, and (4) the initial cost of drilling work performed on the property.  Id. at 769.

10.        Here, the Newville Affidavit establishes that the future cash flow of certain mineral rights under the Lease, the discounted present value of those mineral rights, and the present value of the cash flows of mineral rights from the undeveloped acreage, are all well in excess of $1 million.  Mr. Newville, a Registered Professional Engineer and the Resource Development Manager, Eastern Division of Chesapeake Energy Corporation, evaluates oil and gas reserves for various Chesapeake entities, including Chesapeake Appalachia.  See Newville Aff. ¶¶ 2-3.  Chesapeake Appalachia is the owner of a natural gas well, Well 833002 (the "Well"), which is part of the James Tharp Drilling Unit (the "Tharp Unit").  Id. ¶ 5. Approximately 184 acres of the leasehold property is included in the Tharp Unit, and the Well extends under that acreage.  Id.

11.        Mr. Newville has calculated that the estimated cash flows from the Well that would be lost if the Lease were declared void greatly exceeds $1 million, a figure that is net of expenses and production taxes.  Id. ¶ 8.  He has also calculated that the present value of these cash flows, even when discounted at a rate of 20%, greatly exceeds $1 million.  Id. ¶ 9. Additionally, Mr. Newville calculated that the present value of the cash flows of the undeveloped portions of the leasehold property, excluding the Well but including another well that would

have to be shortened, and one that could not be drilled at all without the Property, discounted at a rate of 20%, greatly exceeds $1 million.  Id. ¶ 10.

12.     The Zitkus Affidavit provides information regarding the fair market value of the Lease.  Mr. Zitkus is Vice President – Land, Eastern Division, for Chesapeake Appalachia and also a very experienced Certified Professional Landman, who has expertise and experience in valuations of oil and gas leases.  See Zitkus Aff. ¶¶ 1-2, 4.  Chesapeake Appalachia paid in excess of $1 million to acquire the rights in the Lease in 2010 by assignment.  Id. ¶ 8.  Thus, as explained more fully in the Zitkus Affidavit, the fair market value of the Lease far exceeds $75,000.00.

## COMPLIANCE WITH OTHER STATUTORY REQUIREMENTS

13.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto are copies of all process, pleadings, and orders which have been received by Chesapeake Appalachia in this action.

14.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of the receipt by Chesapeake Appalachia of the initial pleading upon which this action is based.

15.     Pursuant to 28 U.S.C. § 1446(d), Chesapeake Appalachia has provided written notice of the removal of this action to Plaintiff, through its attorney of record, and to the Court of Common Pleas for Columbiana County, Ohio.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Chesapeake Appalachia, L.L.C., hereby removes the original action brought by Plaintiff from the Court of Common Pleas for Columbiana County, Ohio, to the United States District Court for the Northern District of Ohio.

                                        Respectfully submitted,


                                        */s/ Stephen W. Funk*_____
Robert B. Graziano (0051855)            Stephen W. Funk (0058506)
Michael R. Traven (0081158)             Roetzel & Andress
Roetzel & Andress                       222 South Main Street
PNC Plaza                               Akron, OH  44308
155 E. Broad Street, 12th Floor         Ph: (330) 376-2700
Columbus, OH 43215                      Fax: (330) 376-4577
Ph: (614) 463-9770                      E-mail: sfunk@ralaw.com
Fax: (614) 463-9792
E-mail: rgraziano@ralaw.com             *Attorneys for Defendant Chesapeake*
mtraven@ralaw.com                       *Appalachia, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2011, the foregoing Notice of Removal

was electronically with the Court.  I further certify that a true and correct copy, with exhibits,

was served, via U.S. mail, postage prepaid, upon the following counsel for the Plaintiff:

JAMES L. BLOMSTROM
Harrington, Hoppe & Mitchell, Ltd.
26 Market Street, Suite 1200
P.0. Box 6077
Youngstown, Ohio 44501
*Attorney for Plaintiff*

*/s/ Stephen W. Funk*_____
Stephen W. Funk
